# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| PAIGE COOLEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 1:22-cv-01122 |
| ALDI L.P. | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

2. Venue in the United States District Court for the Southern District of Indiana is proper pursuant to 28 U.S.C. § 1391.

3. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e et seq (as amended), the Pregnancy Discrimination Act and the Americans with Disabilities Act, 42 U.S.C. 12101 et seq.

4. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on March 31, 2022.

### PARTIES

5. Plaintiff is disabled woman and at all relevant times she resided in the Southern District of Indiana.

6. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

**FACTS**

7. Plaintiff is a woman.

8. Plaintiff was hired by Defendant on November 14, 2019 as a Store Associate. Plaintiff performed her job well.

9. In early May of 2020, Plaintiff began experiencing nausea, vomiting and other symptoms from being pregnant.

10. In response to her frequent nausea and possible pregnancy, Plaintiff's coworker, told Plaintiff that she should quit and "live off the government." Plaintiff reported this incident to her General Manager and he took no action.

11. Plaintiff began receiving more discipline from management for actions that four of her non-pregnant coworkers did not receive when they committed the same actions.

12. In June 2020, the General Manager asked the Plaintiff for a doctor's note that attested that the Plaintiff was pregnant. Plaintiff submitted the relevant documentation shortly after the request was made by the General Manager.

13. Plaintiff's coworker frequently told Plaintiff's other coworkers that the Plaintiff was not healthy, that she would be a terrible mother, and that she was going to "kill the baby". When Plaintiff would complain to the General Manager or the Store Manager about these comments, management continued to take no action and the coworker received no disciplinary actions.

14. Shortly before the Plaintiff's pregnancy began, the General Manager and the Store Manager discussed with the Plaintiff that they were interested in promoting her to a Store Manager position. After the Plaintiff became pregnant, management did not take any further action to promote her to the new position, but gave her additional responsibilities and duties typical for a manager position.

15. In November of 2020, management pulled the Plaintiff into their office and stated that she was not allowed to take the amount of bathroom breaks she was taking, and that if her frequent bathroom breaks was due to pregnancy, then she needed to submit an additional doctor's note detailing her need for additional bathroom breaks. Plaintiff then submitted an additional doctor's note which also contained a work restriction for lifting weight due to how far along she was in her pregnancy.

16. However, Plaintiff was still made to lift material heavier than her restrictions and was not allowed to take bathroom breaks.

17. Plaintiff was constructively discharged due to engaging in protected activity.

18. Plaintiff was constructively discharged due to her gender.

19. Plaintiff was denied a reasonable accommodation.

20. Plaintiff was constructively discharged due to her disability.

21. Plaintiff was harassed due to her disability.

22. Plaintiff was harassed due to her gender.

## COUNT I

23. Plaintiff incorporates by reference paragraphs 1-22.

24. Defendant, as a result of constructively discharging Plaintiff because Plaintiff engaged in protected activity, violated Title VII 42 U.S.C. § 2000 et seq.

## COUNT II

25. Plaintiff incorporates by reference paragraphs 1-22.

26. Defendant, as a result of constructively discharging the Plaintiff due to her gender, violated the Pregnancy Discrimination Act, Title VII 42 U.S.C. § 2000e et seq.

## COUNT III

27. Plaintiff incorporates by reference paragraphs 1-22.

28. Defendant, as a result of failing to provide Plaintiff a reasonable accommodation, violated Americans with Disabilities Act, 42 U.S.C. 12101 et seq.

## COUNT IV

29. Plaintiff incorporates by reference paragraphs 1-22.

30. Defendant, as a result of constructively discharging Plaintiff due to her disability, violated the Americans with Disabilities Act, 42 U.S.C. 12101 et seq.

## COUNT V

31. Plaintiff incorporates by reference paragraphs 1-22.

32. Defendant, as a result of harassing the Plaintiff and the Plaintiff being harassed in the workplace, due to her disability, violated the Americans with Disabilities Act, 42 U.S.C. 12101 et seq.

## COUNT VI

33. Plaintiff incorporates by reference paragraphs 1-22.

34. Defendant, as a result of harassing the Plaintiff and the Plaintiff being harassed in the workplace, due to her gender, violated the Pregnancy Discrimination Act, Title VII 42 U.S.C. § 2000e et seq.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.  Award Plaintiff back pay and benefits lost;

B.  Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C.  Award Plaintiff punitive damages;

D.  Award Plaintiff liquidated damages;

E.  Award Plaintiff his cost in this action and reasonable attorney fees;

F.  Grant Plaintiff any other relief which is allowable under the circumstances of

G.  this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416